**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 21, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00015-CV

---

## IN RE DINGO DRILLING, INC. AND MIKE HUSSER, INDIVIDUALLY AND D/B/A OILFIELD TOOLS.NET, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-68079**

---

## MEMORANDUM OPINION

Relators, Dingo Drilling, Inc. and Mike Husser, Individually and d/b/a Oilfield Tools.Net, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relators allege that a mandatory forum selection clause requires the underlying suit on a contract

for the sale of a drilling rig located in Kazakhstan to be litigated in Kazakhstan. They ask this court to compel the Honorable Dan Hinde, presiding judge of the 269th District Court in Harris County, to enforce the forum selection clause.

Transmeridian Exploration Inc. negotiated to sell a drilling rig located in Kazakhstan to relators. A purported contract contained in a February 6, 2009, email is signed by Transmeridian's representative. Relators did not sign the contract, and they dispute that a contract exists.[1] Transmeridian filed for Chapter 11 Bankruptcy protection on March 20, 2009, and a Trustee was appointed to administer the debtor's remaining assets, including its claims against relators. The real party in interest, Gary Neus, is the Liquidating Trustee of the Transmeridian Exploration Liquidating Trust, who sued relators in 2010 to enforce the contract. At issue is a clause contained in communications sent during negotiations for the sale of the rig. The clause provides:

> In the event of a failure to settle the disputes in [sic] by negotiation, all disputes and arguments shall be transferred for settlement to the court authorities of the Republic of Kazakhstan.

Relators assert that the clause is a mandatory forum selection clause, and the Trustee is bound by the forum selection clause because he sued on the contract, citing Texas Business and Commerce Code section 2.201(a) (stating that an agreement need only be signed by the party charged in order to be enforced) and *In re Cornerstone Healthcare Holding Group, Inc.,* 348 S.W.3d 538, 543-44 (Tex. App.—Dallas 2011, orig. proceeding) (applying equitable estoppel to grant mandamus relief to non-signatory to contract seeking enforcement of forum selection clause).

---

[1] The email does not identify the "Seller" and "Buyer" of the rig.

On October 26, 2012, the trial court denied relators' motion to dismiss the Texas suit based on the forum selection clause. The court denied relators' motion for reconsideration on January 4, 2013. This proceeding followed. In a single issue, relators allege that the trial court abused its discretion in failing to enforce the forum selection clause.

Mandamus is an extraordinary remedy that will issue only if the trial court clearly abused its discretion and the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* An appellate remedy is inadequate when a trial court fails to properly apply an unambiguous mandatory forum selection clause, and mandamus relief is appropriate. *See In re Lisa Laser USA, Inc.,* 310 S.W.3d 880, 883, 887 (Tex. 2010).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

The Texas Supreme Court has adopted the federal analysis of forum selection clauses. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d

3

777, 793 (Tex. 2005). The Fifth Circuit has held that a mandatory forum selection clause must "clearly indicate" that the parties intended for the forum to be the "exclusive" forum for adjudicating disputes arising out of the contract. *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 128 (5th Cir. 1994) (holding that because of ambiguity in forum selection clause, it was construed as permissive, not mandatory).

The forum clause in this case does not express a clear intent that Kazakhstan is the exclusive jurisdiction for this litigation. *Cf. Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.,* 234 S.W.3d 679, 683-84 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (determining forum selection clause was mandatory where it stated the agreement "shall be governed exclusively by and interpreted in accordance with the law" of the designated forum and the parties agree that the designated forum "shall have exclusive jurisdiction to resolve any controversy or claim of whatever nature arising out of or relating to" the agreement).

After considering the parties' arguments, the cited authorities, and the record before this court, we conclude that relators have not established that the trial court abused its discretion. Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.